## Bowman *against* Gary.

A WARRANT was issued by a Justice of the Peace against *Gary* at the suit of *Bowman*, on a note for $35. *Gary* offered to prove a set off ; the Justice being of opinion that his claim was unliquidated and above his jurisdiction, rejected the testimony, and gave judgment against *Gary*, from which he appealed to the Circuit Court. On the trial in the Circuit Court he offered in evidence written articles of agreement between him and *Bowman*, dated 1st of *February*, 1822, by which he rented to *Bowman* a house and lot in consideration of $15 a month, *Bowman* to build a kitchen, &c., and make such other improvements on the lot as both should think necessary ; the work to be rated as customary, agreeably to prices in the town ; and offered to prove that something more than $147 was due from the plaintiff to him for rent ; that the plaintiff had made improvements on the lot ; and that, after allowing for these and

for the amount of his note to the plaintiff, a balance of 30 or 40 dollars remained due to him. The plaintiff objected to this testimony ; the Court overruled the objection, and permitted this evidence to go to the Jury, and instructed them that if the balance of the defendant's claim, after deducting the amount of the plaintiff's, should not exceed $50, that they could find for the defendant, and certify to the Court what sum they found to be due from plaintiff to defendant over and above what was sufficient to satisfy the plaintiff's demand. The Jury returned a verdict for the defendant, and certified that a balance of $29 20 was due to him. The Circuit Court rendered judgment against the plaintiff for the costs. *Bowman* prosecuted a writ of Error to this Court. The matters relied on as Errors appear in the

DECEMBER 1824.

Bowman
v.
Gary.

Opinion of the majority of the Court delivered by Judge *Gayle.*

The question embraced by the first and third assignments is, Had the defendant a right to set off a demand for a sum beyond the jurisdiction of the Justice ?

The Statute directs that if two or more dealing together be indebted to each other upon bonds, bills, bargains, promises, or the like, and one of them commences an action in any Court, if the defendant cannot gainsay the deed, bargain, or assumption, upon which he is sued, it shall be lawful for such defendant to plead payment of all or part of the debt or sum demanded, and give any bond, bill, receipt, or account in evidence. (*a*) If there were any doubt as to the propriety of admitting the set off on the trial before the Justice, it is very clear that the right was secured to the defendant on the trial de novo before the Jury in the Circuit Court.

(*a*) *Laws Ala.* 457.

The other assignment relates to the certificate of the Jury of the balance due from the plaintiff to the defendant. As to this matter the Statute is but directory to the Jury, and the certificate forms no part of the verdict. Let the judgment be affirmed.

Judge *Saffold* dissenting.

Judge *Crenshaw* having presided in the Court below, did not sit.

*Thorington* for plaintiff, cited State Constitution; Laws Ala. 926, 510.

*Walter Crenshaw* and *H. G. Perry* for defendant in Error.